**NOT FOR PUBLICATION**

# FILED

UNITED STATES COURT OF APPEALS

JAN 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LYDIA DIANA WILLIAMS, | No. 14-36006 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00018-JCC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted January 23, 2018[**]

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Lydia Williams appeals the district court's decision affirming the

Commissioner of Social Security's partial grant and partial denial of Williams's

application for disability insurance benefits and supplemental security income

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ found that Dr. Paretsky's opinion conflicted with Dr. Schmitter's opinion, and gave several specific and legitimate reasons to give little weight to Dr. Paretsky's opinion: Dr. Paretsky relied on Williams's unreliable self-reports in assessing her pain and limitations, Dr. Paretsky's opinion was inconsistent with Williams's daily activities, the medical record as a whole was inconsistent with the degree of limitations contained in Dr. Paretsky's opinion, and Dr. Paretsky's opinion was inadequately supported by clinical findings. *See Ghanim*, 763 F.3d at 1162 (including inconsistency with the claimant's activities and reliance on the claimant's unreliable self-reports in reasons that the ALJ can discredit a treating physician's opinion); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (explaining that the ALJ can properly discredit a treating physician's opinion based on inadequate clinical findings); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding that the ALJ reasonably relied on inconsistencies with the medical record to discount a treating physician's opinion).

The ALJ properly gave significant weight to non-examining physician Dr. Schmitter's opinion because Dr. Schmitter reviewed all the medical evidence and provided a detailed supporting explanation for his opinion. *See Ryan v. Comm'r of*

2                                                                                           14-36006

*Soc. Sec.*, 528 F.3d 1194, 1201 (9th Cir. 2008) (explaining that the weight given to a non-examining physician's opinion depends on the degree to which they support their opinion).

Substantial evidence supports the ALJ's finding of medical improvement to establish the end of Williams's period of disability. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (concluding that this Court will review the ALJ's findings of medical improvement for substantial evidence). In closed period cases, the medical improvement standard applies. *Id.* at 875-76. This standard requires the Commissioner to show evidence of medical improvement to support the end of the period of disability. *Id.* at 876. Here, the ALJ properly complied with the requirements of the medical improvement standard by discussing medical evidence in the record showing improvement in Williams's symptoms and functional limitations.

**AFFIRMED.**

14-36006